# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1525-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

G.G.M.,

     Defendant-Appellant.

_____

Submitted March 6, 2019 – Decided March 22, 2019

Before Judges Nugent and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 14-02-0391.

Joseph E. Krakora, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica L. Do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant G.G.M. appeals from a September 29, 2017 order denying his petition for post-conviction relief (PCR). He presents the following point of argument for our consideration:

> AS COUNSEL FAILED TO EXPLAIN THE IMMIGRATION CONSEQUENCES OF DEFENDANT'S GUILTY PLEA, DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHT TO COUNSEL, RIGHT TO A FAIR TRIAL, AND RIGHT TO DUE PROCESS.

After reviewing the record we conclude that the argument is without sufficient merit to warrant discussion beyond the following brief comments. R. 2:11-3(e)(2).

Pursuant to a plea agreement, defendant pled guilty to fourth-degree criminal sexual contact and was sentenced to time served. Defendant, who has now been deported, contends that prior to pleading guilty, he was inadequately advised of the possibility that his plea would result in deportation. However, he was subject to a pending immigration detainer at the time he pled guilty, and at the plea hearing the trial judge noted on the record that the detainer would take effect as soon as defendant was sentenced. In the plea colloquy, defendant also stated that he had already consulted with immigration counsel before deciding

to enter his guilty plea. In his plea allocution, defendant also provided a sufficient factual basis for his plea.

In his certification filed in support of the PCR petition, defendant did not assert that he was innocent of the charges, or that he would not have pled guilty had he known he was going to be deported. On this record, defendant clearly knew he was going to be deported as a result of his guilty plea, before he entered the plea. Consequently, defendant failed to present a prima facie case either that his attorney was ineffective or that, but for counsel's ineffective assistance, he would have refused to plead guilty and would instead have insisted on going to trial. See State v. Gaitan, 209 N.J. 339, 350-51 (2012). In the absence of a prima facie case, the PCR court properly dismissed the petition without an evidentiary hearing. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1525-17T3